UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Felipe Jesus Infante,

　　　　Petitioner

v.

Michael Bernacke, et al.,

　　　　Respondents

Case No. 2:26-cv-00952-JAD-DJA

**Order Granting Unopposed Motion to Dismiss Petition**

ECF No. 4

Counseled petitioner and Venezuela citizen Felipe Jesus Infante filed this petition for writ of habeas corpus to secure his release from immigration custody or a bond hearing while he pursues asylum.[1]  Infante alleges that he was arrested by Immigration and Customs Enforcement (ICE) on January 28, 2026, and the Department of Homeland Security (DHS) then placed him in removal proceedings, but "the immigration judge is unable to consider" his bond request, so he remains in detention indefinitely.[2]

The respondents move to dismiss Infante's petition as unexhausted.  They explain that an alien like Infante must seek review from the Board of Immigration Appeals (BIA) on bond determinations prior to filing a habeas petition, as the Ninth Circuit held in *Leonardo v. Crawford*.[3]  Infante received a bond hearing on February 27, 2026, they explain, at which a bond

---

[1] ECF No. 1.

[2] *Id*. at 10.

[3] ECF No. 4 at 2–3 (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)).

was denied.[4]  But he did not seek review from the BIA.[5]  The failure to exhaust that administrative remedy, respondents argue, requires this court to dismiss or stay this petition under *Leonardo*.[6]

The deadline for petitioner's counsel to file any opposition to the motion to dismiss was April 27, 2026, and they neither filed an opposition nor moved to enlarge the deadline to do so. As a result, this motion is unopposed, and the petitioner has provided no reason that dismissal should not be granted.[7]

IT IS THEREFORE ORDERED that the motion to dismiss **[ECF No. 4] is GRANTED.** This case is dismissed without prejudice.  The Clerk of Court is directed to **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
May 13, 2026

---

[4] *Id*. at 3; ECF No. 4-3.

[5] ECF No. 4 at 3.

[6] *Id*.

[7] *See also*  L.R. 7.2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").

2